No. 3:21-cv-8209-WHO

---

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

---

*In re* EVANDER FRANK KANE,

*Debtor.*

EVANDER FRANK KANE,

*Appellant*,

v.

ZIONS BANCORPORATION, N.A.,
*dba* CALIFORNIA BANK & TRUST, *et al.*,

*Appellee(s)*.

On Appeal from the United States Bankruptcy Court
for the Northern District of California
Bankr. No. 21-50028-SLJ
Hon. Bankruptcy Judge Stephen L. Johnson

---

## APPELLANT'S REPLY BRIEF

---

Stephen D. Finestone
Ryan A. Witthans
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
(415) 606-0466
sfinestone@fhlawllp.com
rwitthans@fhlawllp.com

*Attorneys for Appellant,*
EVANDER FRANK KANE

# **TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................1

II.     ARGUMENT ......................................................................................2

    A.   Zions' Objection to Kane's Homestead Exemption Was Untimely....2

    B.   Section 522(p)'s Statutory Cap Cannot Apply Because a Debtor
Cannot Elect State Exemptions in Opt-Out States like California ........................5

    C.   Even If § 522(p) Applies, the Bankruptcy Court Erred in Denying
Kane the Amount that the Property Appreciated in Value ...................................8

III.    CONCLUSION...................................................................................13

        CERTIFICATION OF COMPLIANCE FOR BRIEFS ...............................15

i

# TABLE OF AUTHORITIES

## Cases

*Alaska Wilderness League v. United States EPA*, 727 F.3d 934 (9th Cir. 2013) ......7

*Bhangoo v. Engs Commer. Fin. Co. (In re Bhangoo)*, 634 B.R. 80 (B.A.P. 9th Cir. 2021) ...............................................................................................................5, 8

*Broadway Foreclosure Invs., LLC v. Tarlesson*, 184 Cal. App. 4th 931 (2010) .......9

*Elliott v. Weil (In re Elliott)*, 523 B.R. 188 (B.A.P. 9th Cir. 2014) ....................8, 11

*Greene v. Savage (In re Greene)*, 583 F.3d 614 (9th Cir. 2009) .........................9, 11

*In re Bush*, 346 B.R. 523 (Bankr. E.D. Wash. 2006) ...................................... 2, 3, 4

*In re Chouinard*, 358 B.R. 814 (Bankr. M.D. Fla. 2006) ..........................................9

*In re Fisher*, 63 B.R. 649 (Bankr. W.D. Ky. 1986) ................................................2, 3

*In re McNabb*, 326 B.R. 785, 788 (Bankr. D. Ariz. 2005) ...................................5, 6

*In re Nolan*, No. 21-55204, 2022 U.S. App. LEXIS 3091, 2022 WL 327927 (9th Cir. Feb. 3, 2022) ...........................................................................................11

*In re Rasmussen*, 349 B.R. 747 (Bankr. M.D. Fla. 2006) ........................................9

*In re Schaefers*, 623 B.R. 777 (B.A.P. 9th Cir. 2020) ..............................................9

*In re Spenler*, 212 B.R. 625 (B.A.P. 9th Cir. 1997) .................................................3

*In re Virissimo*, 332 B.R. 201 (Bankr. D. Nev. 2005) ..............................................6

*Phillips v. Gilman (In re Gilman)*, 887 F.3d 956 (9th Cir. 2018) .............................8

*Tarlesson v. Broadway Foreclosure Invs., LLC*, 184 Cal. App. 4th 931 (2010) .8, 11

*Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992) ...............................................4, 7

## Statutes

11 U.S.C. § 341 ...................................................................................... 1, 2, 3, 4

11 U.S.C. § 522 ................................................................................................ passim

Cal. Code Civ. P. § 703.130 .......................................................................................5

Cal. Corp. Code § 17300 ..........................................................................................10

Cal. Corp. Code § 17701.04(a) ................................................................................10

## Rules

Fed. R. Bankr. P. 4003 ....................................................................... 2, 3, 4, 13

Fed. R. Bankr. P. 9011 ..............................................................................................7

# I.   INTRODUCTION

This appeal arises from the Bankruptcy Court's order granting in part and overruling in part the objection of Zions Bancorporation, N.A. ("Zions") to the homestead exemption claim of Evander Frank Kane ("Kane") in his single-family residence located at 2301 Richland Avenue in San Jose, California (the "Property").

In his opening brief, Kane argues that (1) Zions' failure to serve its objection within thirty days of the conclusion of Kane's § 341[1] meeting renders it untimely; (2) the Bankruptcy Court erred in applying the statutory cap of § 522(p); and (3) even if § 522(p) applies, the Bankruptcy Court erred in denying Kane the amount that the Property appreciated in value between its purchase and his bankruptcy filing. In response, Zions seeks to excuse its failure to timely serve its objection and advocates for a favorable interpretation of § 522(p) and related law. Kane replies to Zions' arguments below.

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.

1

## II.    ARGUMENT

### A. Zions' Objection to Kane's Homestead Exemption Was Untimely

In his opening brief, Kane argues that Zions' failure to serve its objection to Kane's homestead exemption within thirty days of the conclusion of Kane's § 341 meeting renders it untimely under Bankruptcy Rule 4003(b). This rule requires both (1) that Zions file its objection "within 30 days after the meeting of creditors held under § 341(a) is concluded" and (2) that "[a] copy of any objection shall be delivered to the . . . debtor . . . ." among other parties. Bankruptcy Rule 4003(b)(1) *and* (4). Because Zions filed its objection on the thirtieth day but did not serve it on Kane until 62 days after the § 341 meeting was concluded, it is untimely. *In re Bush*, 346 B.R. 523, 524 (Bankr. E.D. Wash. 2006) (finding objection untimely when filed on thirtieth day and served on 87th day).

In response, Zions relies on *In re Fisher*, 63 B.R. 649 (Bankr. W.D. Ky. 1986), to argue that service on the debtor's attorney alone is sufficient. Zions also argues that Kane eventually received notice of its objection and that importing a thirty-day notice deadline into Bankruptcy Rule 4003(b)(4) is arbitrary.

Kane stands by his argument that Zions' failure to serve its objection to within thirty days of the conclusion of Kane's § 341 meeting renders it untimely. According to the Bankruptcy Court, "[t]he *Fisher* court seems to have concluded that interpreting Bankruptcy Rule 4003([b])(4) to mean what it says—that both the

2

debtor and the debtor's counsel must receive a copy of the objection by mail or delivery—would be an overly literal construction of the Rule." ER-241–42. But the conclusion made by the *Fisher* court disregards Rule 4003(b)'s purpose of "provid[ing] the debtor with timely notice that the trustee or other interested party objects to the debtor's claimed exemption." *Bush*, 346 B.R. at 526 (quoting *In re Spenler*, 212 B.R. 625, 630 (B.A.P. 9th Cir. 1997)). Likewise, Zions' argument that Kane eventually received notice 62 days after the § 341 meeting concluded, and after having the deficiency brought to its attention by Kane, similarly disregards the interest of providing the debtor with timely notice of an objection, which is accomplished by service and not by filing. *Id.* at 525.

Zions attempts to distinguish *Bush* because the trustee in that case failed to serve the exemption objection on either the debtor or the debtor's attorney, and Zions asserts that is unlike the situation here where it mailed a copy of its homestead exemption objection to Kane's attorney. Response Brief at 22–24. But *Bush* still provides guidance. It states that "notice [of the objection] which was mailed to the debtors' attorney did not constitute service upon the debtors," meaning that Zions' mailing to Kane's attorney does not constitute a mailing to Kane. *Bush*, 346 B.R. at 525. It also notes that Bankruptcy Rule 4003(b) "specifically requires notification *to the debtor* and the debtor's attorney by delivery or mail." *Id.* at 526 (emphasis added). A strict interpretation is required to

3

promote the purpose of the rule. *Id.* at 524 ("The strict 30-day time period stated in Rule 4003(b) is meant to provide the debtor with timely notice that the trustee objects to the debtor's claimed exemption."). Finally, the court's holding specifically required service upon both the debtor and the debtor's attorney—not one or the other. *Id.* at 528 ("[T]he court holds that the trustee's objection to the debtor's claim of exemptions must be delivered or mailed to the debtors and the debtor's attorney within the same 30-day period as the requirement for filing."). For these reasons, and despite Zions' arguments, *Bush* still leads to the conclusion that both the debtor and the debtor's attorney are required to be served within thirty days of the conclusion of the § 341 meeting.

Zions' interpretation of the rule would allow a creditor to serve the debtor whenever it wanted, rather than when it filed an objection. The thirty-day service requirement provides a clear rule that avoids disputes about the reasonableness of the timing of an objector's mailing or delivery. *Id.* at 525. While this rule is strict, it is not unreasonably harsh, as courts have routinely interpreted Bankruptcy Rule 4003 strictly despite arguably unfair outcomes. *See*, *e.g.*, *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44 (1992) (allowing a clearly improper exemption if an objection was not filed within the thirty-day deadline).

4

**B. Section 522(p)'s Statutory Cap Cannot Apply Because a Debtor Cannot Elect State Exemptions in Opt-Out States like California**

California has opted out of the federal exemption scheme, meaning that it "permits its debtors only the exemptions allowable under state law." *Bhangoo v. Engs Commer. Fin. Co. (In re Bhangoo)*, 634 B.R. 80, 85 (B.A.P. 9th Cir. 2021); Cal. Code Civ. P. § 703.130. Thus, the applicability of § 522(p)'s statutory cap on a debtor's homestead exemption depends on the meaning of "electing . . . to exempt property under State or local law." § 522(p)(1).

There are two approaches in interpreting the meaning of "electing." Under the first approach, a debtor cannot "elect" to use federal exemptions in opt-out states because there is no actual election to be made, and so the statutory cap of § 522(p) applies only when a debtor has a choice of following either state or federal exemptions. *In re McNabb*, 326 B.R. 785, 788 (Bankr. D. Ariz. 2005).[2] Under the second approach, a debtor is seen to make an "election" any time he chooses to claim exempt property and can even claim an improper federal exemption in opt-out states (even if it is objectionable), and so § 522(p) applies

---

[2] "Code § 522(b)(2) provides that the bankruptcy exemptions of § 522(d) may not be elected by a debtor if the applicable state law specifically does not so authorize. This effectively permits states to 'opt out' of the Bankruptcy Code's exemptions, and as noted above Arizona is an opt-out state. Consequently in Arizona, a debtor does not get to 'elect' state exemptions. Rather, they are the only exemptions available to a debtor, so there is no election to be made."

regardless of whether a state has opted out of the federal exemption scheme or not. *In re Virissimo*, 332 B.R. 201, 205 (Bankr. D. Nev. 2005).[3] Both approaches have argued that the opposite interpretation would presumably require different statutory language.[4]

---

[3] "Technically, under the terms of the statute, there is an election. That election may become ineffective if the debtor chooses a federal exemption in an opt-out state, but the debtor nonetheless makes an 'election' within the meaning of the statute."

[4] The *McNabb* court stated that

> If Congress had similarly intended the $ 125,000 cap found in § 522(p) to apply across the board, it would presumably have used the identical language: "For purposes of subsection (b)(3)(A), a debtor may not exempt any amount" that was acquired during 1,215 days prepetition. There would have been no need to refer to an election at all.

*McNabb*, 326 B.R. at 790. Likewise, the *Virissimo* court stated that

> Congress could have avoided the notion of a debtor's election and still preserved the right of a state to limit its citizens' use of federal exemptions. It could have said, for example: "A debtor shall receive exemptions set forth under subsection (d) unless the state law does not permit such exemptions to be used. If a state does not permit a debtor to use such exemptions, the debtor shall receive the exemptions provided under the laws of that state." With that language there is no election and a debtor automatically receives state exemptions but not the exemptions under § 522(d).

*Virissimo*, 332 B.R. at 206.

Kane submits that the plain language of § 522(p) requires the first interpretation, that a debtor may only "elect" to follow state exemptions when there is a real choice to be made, that no "election" is available in opt-out states like California, and that therefore the plain language of § 522(p) requires that the statutory cap not apply. Beyond just the plain meaning of § 522(p), this result (1) is supported by the difference in language between § 522(p) and (o) (subsection (o) applies in all states by avoiding any language conditioning its effectiveness on a debtor's election between different exemption schemes); (2) harmonizes with the meaning and function of the similarly-worded § 522(q)(1) (discussed in detail in Kane's opening brief); and (3) avoids the absurd result where a debtor is deemed to have a choice to "elect" unavailable exemptions in violation of state law, the Bankruptcy Code, and the Bankruptcy Rules. *See*, *e.g.*, Bankruptcy Rule 9011 (authorizing sanctions for submitting documents not warranted by existing law); *Taylor*, 503 U.S. at 644 (listing various penalties for improper conduct in bankruptcy proceedings).

"A statute is ambiguous if it is susceptible to more than one reasonable interpretation." *Alaska Wilderness League v. United States EPA*, 727 F.3d 934, 938 (9th Cir. 2013). Kane asserts that the plain language of § 522(p) results in only one reasonable interpretation, as set forth above. Zions, on the other hand, argues that the statute is apparently ambiguous in that there are "two plausible, yet mutually-

7

exclusive and conflicting, alternative meanings of the 'electing' phrase in section 522(p)." Response Brief at 29. If, as Zions suggests, there is ambiguity in the language of § 522(p), then the Court must resolve that ambiguity in favor of the debtor. Courts must "liberally construe 'the law and facts to promote the beneficial purposes of the homestead legislation and to benefit the debtor.'" *Phillips v. Gilman (In re Gilman)*, 887 F.3d 956, 964 (9th Cir. 2018) (quoting *Tarlesson v. Broadway Foreclosure Invs., LLC*, 184 Cal. App. 4th 931, 936 (2010)); *Bhangoo*, 634 B.R. at 85. As such, the Court should interpret § 522(p) in favor of Kane and determine that the statutory cap does not apply in California.

### C. Even If § 522(p) Applies, the Bankruptcy Court Erred in Denying Kane the Amount that the Property Appreciated in Value

Californians may claim a homestead exemption in the dwelling in which they reside,[5] even without holding a fee simple interest in the subject property. *Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 196 *and* n.4 (B.A.P. 9th Cir. 2014). The debtor must only have some legal, equitable, or beneficial interest in the property. *Id.*; *Broadway Foreclosure Invs., LLC v. Tarlesson*, 184 Cal. App. 4th 931, 937–38

---

[5] "To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there." *Gilman*, 887 F.3d at 965. There is no dispute that Kane and his family resided continuously at the San Jose Residence and intended to make it their home.

(2010). The statutory cap of § 522(p) does not apply to any amount that subject property appreciated in value between the date the debtor acquired an interest in it and the petition date. *Greene v. Savage (In re Greene)*, 583 F.3d 614 (9th Cir. 2009); *In re Rasmussen*, 349 B.R. 747, 758 (Bankr. M.D. Fla. 2006); *In re Chouinard*, 358 B.R. 814, 815 (Bankr. M.D. Fla. 2006).

The Property was acquired for $3,030,000 in August 2020. ER-233. It was acquired by Kane via Lions Properties, LLC ("Lions"), a limited liability company that he jointly owned with his wife. *Id.* Kane and his family lived in the Property continuously and Kane made all payments related to the Property. *Id.*; ER-024, -045–46, -051, -138. Title to the Property was transferred to Kane and his wife the day before Kane filed for bankruptcy. ER-146. Near the time that Kane filed his bankruptcy petition in 2021, the Property was worth approximately $3,275,000. ER-152. The bankruptcy court erred in denying Kane's ability to exempt the $245,000 in appreciation between the date the Property was acquired and the petition date.

The Bankruptcy Court erred by finding that Kane did not have any interest in the Property until the day before he filed his bankruptcy petition. In doing so, it relied upon *In re Schaefers*, 623 B.R. 777 (B.A.P. 9th Cir. 2020). However, this case is distinguishable on several grounds. First, the debtor in *Schaefers* attempted to claim a homestead exemption in a limited liability company that owned his

9

residence, rather than directly in his residence. Second, the debtor never identified any interest in the subject property. Third, the debtor was earlier found to have alter ego liability along with the limited liability company, and later attempted to argue that the alter ego liability should allow him to claim a homestead exemption in the company and, by extension, in the real property that it held title to. Not wanting to reward the debtor's bad behavior, the court disallowed the debtor's exemption claim. Fourth, the decision relied upon then-current California law stating that a member of a limited liability company has "no interest in specific limited liability company property." Cal. Corp. Code § 17300. This law was since repealed in 2014 and replaced with a statute stating that "[a] limited liability company is an entity distinct from its members." Cal. Corp. Code § 17701.04(a). None of these factors are present in the instant case.

Kane had a beneficial and equitable interest in the Property since August 2020 through his complete ownership of Lions with his wife. He retained all indicia of ownership by his possession and exclusive use of the Property along with payment of all the expenses related to the Property. He and his wife had complete control over the Property by way of their control over Lions and exerted that control by, among other ways, transferring title of the Property to themselves the day before Kane's bankruptcy filing. The bankruptcy court improperly disregarded Kane's beneficial and equitable interest in the Property which arose in

10

August 2020 and failed to allow him to exempt the appreciation of the Property

from then up until the petition date.

This view is supported by the recent Ninth Circuit decision of *In re Nolan*,

No. 21-55204, 2022 U.S. App. LEXIS 3091, 2022 WL 327927 (9th Cir. Feb. 3,

2022). The Ninth Circuit affirmed that fee ownership is not a requirement for

California's automatic homestead exemption. It held that, as a 50% beneficiary of

an irrevocable trust that owned the debtor's home, the debtor had a sufficient

equitable interest for a claim of exemption so long as the debtor resided in the

property. In a similar vein, Kane's beneficial and equitable interest in the Property

is sufficient to claim a homestead exemption under California law beginning in

August 2020, even though he did not possess legal title until the day before his

bankruptcy filing.

On appeal, Zions argues that the Ninth Circuit follows a "title view" and that

a debtor is only deemed to have acquired an interest in property when he acquires

title. *See* Response Brief at 31–32; *Greene*, 583 F.3d at 622–24 (interpreting

Nevada law). This is not true under a review of the Ninth Circuit's interpretation of

California law, which only requires that the debtor has "some legal or equitable

interest in the real property." *Elliott*, 523 B.R. at 196 *and* n.4; *Tarlesson*, 184 Cal.

App. 4th at 937–38. Kane's equitable and beneficial interest is sufficient under

California law.

Zions also argues that the record is devoid of admissible evidence to show any appreciated value of the Property. It states that the only evidence is Kane's declaration that the Chapter 7 trustee had "obtained an opinion from a local realtor valuing the Residence at $3,275,000," which statement was excluded by the Bankruptcy Court for lack of Kane's personal knowledge. ER-237–38. However, this overlooks the Chapter 7 trustee's own declaration which was before the Bankruptcy Court and is included in the record on appeal. The trustee declared that "[i]n February 2022, [he] worked with real estate brokers and agents to evaluate the [Property]" and that "[b]ased on their evaluation, [he] estimate[d] that: (i) the fair market value of the [Property] is approximately $3,275,000." ER-096–97. This declaration was later withdrawn because the motion it supported was moot following the trustee's filing of another motion. However, the declaration was not withdrawn until after the Bankruptcy Court entered its decision on Kane's homestead exemption, and thus should have been given proper weight.[6]

Thus, Kane had an equitable and beneficial interest in the Property when it was acquired by Lions in August 2020. To the extent that § 522(p) applies, the Bankruptcy Court erred in denying Kane the amount that the Property appreciated

---

[6] The Property was eventually sold by the trustee, which sale resulted in gross proceeds of $3,438,718.08 as reported by the trustee on October 8, 2021.

in value between when it was acquired and Kane's petition date. That amount is $245,000 based on the Trustee's February 2022 estimate of the Property's value (*i.e.*, the difference between the $3,030,000 purchase price and $3,275,000 value shortly after the petition date). To the extent this Court believes there is factual uncertainty as to the value of the Property as of the bankruptcy filing, it could remand the matter to the bankruptcy court for a determination.

## III.   CONCLUSION

For the reasons set forth above, Kane respectfully requests that this Court reverse the Bankruptcy Court's order because (1) Zions did not timely serve Kane with its objection as required by Bankruptcy Rule 4003(b)(1) and (4); (2) § 522(p) does not apply in California because it has opted out of the federal exemption scheme; and (3) if this Court decides that § 522(p) applies, the cap does not apply to any appreciated value of the Property since it was acquired in August 2020. Additionally, if this Court determines that the Chapter 7 trustee's estimate of the Property value at $3,275,000 in February 2022 does not adequately support the value of the Property as of the petition date, Kane requests that this matter be remanded to the Bankruptcy Court for further evidentiary proceedings as to the precise amount of exempt appreciation.

Date: May 30, 2022                    FINESTONE HAYES LLP

                                      */s/ Ryan A. Witthans*
                                      Ryan A. Witthans
                                      *Attorneys for Appellant,*
                                      EVANDER FRANK KANE

## <u>CERTIFICATION OF COMPLIANCE FOR BRIEFS</u>

**No.:**         No. 3:21-cv-8209-WHO

**Debtor:**     Evander Frank Kane

The undersigned certifies that this brief contains 3,182 words, excluding the items exempted by Federal Rule of Bankruptcy Procedure 8015(g). This brief complies with the word limit of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B)(i). The type size and typeface comply with Federal Rule of Bankruptcy Procedure 8015(a)(5)(A).

Date: May 30, 2022                          FINESTONE HAYES LLP

                                            */s/ Ryan A. Witthans*
                                            Ryan A. Witthans
                                            *Attorneys for Appellant,*
                                            EVANDER FRANK KANE

15